**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN CAPONE <br> 1655 Church Street <br> Ambridge, Pennsylvania 15003 <br><br> Plaintiff, <br><br> v. <br><br> COSTCO WHOLESALE CORPORATION <br> 999 Lake Drive <br> Issaquah, Washington 98027 <br><br> Defendant. | **Case No. 23-1783** <br><br> In the Court of Common Pleas <br> of Butler County, PA <br> Case No.: 23-10676 |

## NOTICE OF REMOVAL

To: United States District Court for the Western District of Pennsylvania

In the Court of Common Pleas of Butler County, Pennsylvania

John Capone
c/o Kyle Steenland
The Workers' Rights Law Group, LLP
Foster Plaza 10
680 Anderson Drive, Suite 230
Pittsburgh, PA 15220

PLEASE TAKE NOTICE that Defendant, Costco Wholesale Corporation ("Costco"), hereby removes this civil action from the Court of Common Pleas of Butler County, Pennsylvania pursuant to 28 U.S.C. §§ 1332 and 1441(b). The grounds for this removal are as follows:

1. Plaintiff John Capone filed a civil action against Costco in the Court of Common Pleas of Butler County, Pennsylvania, designated Case No. 23-10676.

305419951v.1

2

2.	Plaintiff served the Summons and Complaint on Costco by Certified Mail on September 25, 2023.  A true and correct copy of Plaintiff's Summons and Verified Complaint are attached as **Exhibit A**.

3.	This Notice is timely because it has been filed within 30 days after Costco was served with a copy of the initial pleading setting forth the claim for relief upon which the action is based.  See 28 U.S.C. § 1446(b).

4.	Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  Under 28 U.S.C. § 112, this Court embraces Butler County, Pennsylvania.  Accordingly, this Court is the appropriate Court to which Costco should remove this action.  28 U.S.C. § 1441(a).

**THIS CASE IS REMOVABLE BASED ON DIVERSITY JURISDICTION.**

5.	Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States."

6.	In this case, both the "diversity" and "amount in controversy" requirements are met.

**The Parties Are Diverse.**

7.	Plaintiff is a resident of the State of Pennsylvania.  Compl. at ¶ 1.

8.	Costco is incorporated in the State of Washington and maintains its headquarters at 999 Lake Drive Issaquah, Washington 98027.  Compl. at ¶ 2; **Exhibit B** (Declaration of S. Rajski) at ¶3.

9.  Section 1332 defines corporate citizenship as follows: "[f]or the purposes of this section and section 1441 of this title … a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business …." 28 U.S.C. § 1332(c); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 88 (2010). A corporation's principal place of business is the place where the corporation's officers direct, control, and coordinate the corporation's activity, and, in practice, that place "should normally be the place where the corporation maintains its headquarters." *Hertz*, 559 U.S. at 92-93.

10. Therefore, Costco is a resident the State of Washington within the meaning of 28 U.S.C. § 1332(c)(1) for the purposes of determining diversity jurisdiction.

11. Because Plaintiff is a citizen of Pennsylvania and Costco is a corporation with its principle place of business in Washington, this case is "between citizens of different states." 28 U.S.C. § 1332(a), (c).

**The Amount in Controversy Exceeds $75,000.**

12. Plaintiff's Complaint asserts one cause of action for Unlawful Termination in Violation of Public Policy based on Pennsylvania's Workers' Compensation Act.

13. In connection with this claim, Plaintiff seeks damages in the form of (1) backpay, front pay and other lost compensation, (2) compensatory damages, including but not limited to, emotional distress and mental anguish, (3) pre-judgement and post-judgment interest, and (4) reasonable attorney's fees and costs. Compl. at Prayer for Relief. Plaintiff also seeks

unspecified injunctive and equitable relief, as well as any "other relief" the Court deems just equitable and proper.[1]  *Id.*

14.  Consistent with Pennsylvania law, Plaintiff's Complaint does not contain an *ad damnum* clause with a quantified amount of damages sought and Plaintiff's civil cover sheet asserts only that his damages are in excess of $35,000.  *See Kovalev v. Lab'y Corp. of Am. Holdings*, No. CV 22-0552, 2022 WL 4586123, at *2 (E.D. Pa. Sept. 29, 2022) ("Section 1446(c)(2) applies here because Pennsylvania law does not permit a demand for a specific sum. Pa. R. Civ. P. 1021(b).")

15.  Where the Complaint does not make a demand for an exact monetary amount, "the court must make an independent appraisal of the claim and 'after a generous reading of the complaint, arrive at the reasonable value of the rights being litigated.'" *Rice v. Allstate Fire & Cas. Ins. Co.*, No. 3:08-CV-1706, 2009 WL 302175, at *2 (M.D. Pa. Feb. 5, 2009) (citing *The Bachman Co. v. MacDonald,* 173 F.Supp.2d 318, 323 (E.D. Pa. 2001) (citations omitted)); *see also S. Middleton Twp. v. Amerifreight Sys. LLC*, No. 1:17-CV-0269, 2017 WL 11151430, at *1 (M.D. Pa. Mar. 20, 2017). The Court's appraisal must include the reasonable value of potential compensatory and punitive damages. *Id.*

---

[1] Plaintiff's Complaint does not specifically reference punitive damages but Plaintiff's pre-suit demand letter asserted an intent to seek punitive damages.  To the extent that Plaintiff's claim for other unspecified damages includes punitive damages, this further corroborates that Plaintiff's claims exceed the jurisdictional minimum of $75,000.  *Kovalev*, No. CV 22-0552, 2022 WL 4586123, at *2 ("Although Mr. Kovalev argues otherwise without citing to authority, claims for punitive damages are rightly considered for purposes of determining the amount in controversy, so long as such claims are not "patently frivolous and without foundation.")(citing *Huber v. Taylor*, 532 F.3d 237, 244 (3d Cir. 2008)); *See Karlowicz v. American States Ins*. Co., 3:20-cv-488, 2020 WL 6165303, at *8 (M.D. Pa. Sept. 18, 2020) ("[I]f punitive damages are available under Pennsylvania law for a claim, those combined punitive and compensatory damages exceed $75,000.00, and the claim is not deemed frivolous or without foundation, the complaint satisfies the diversity jurisdictional amount requirement.").

4

305419951v.1

16. Plaintiff asserts that he was terminated in early August 2022. Compl. at ¶ 30-33, 42-43.

17. Plaintiff also alleges that he earned a regular rate of $17.50 per hour while employed by Costco. Compl. at ¶ 9; *see also* Exhibit B at ¶7. During the two months Plaintiff worked for Costco, he worked 264.21 hours, or an average of 132.1 hours per month. Exhibit B at ¶5-6.

18. Therefore, Plaintiff's back pay is at least $2,311.75 per month. To date, after the passage of more than 14 months since his termination, Plaintiff's current back pay claim is approximately $32,942.44.[2] Plaintiff's front pay damages continue to accrue at a rate of at least $2,311.75 per month.

19. Additionally, jury verdicts in this area confirm that Plaintiff may seek or receive compensatory damages for emotional distress in excess of $43,000, confirming that Plaintiff's claimed damages exceed the required $75,000 amount in controversy. *See, e.g.,* **Exhibit C** (jury verdicts for *Devore v. Metro Aviation, Inc.* (awarding $300,000 in pain and suffering where plaintiff claimed wrongful termination in violation of Pennsylvania public policy) and *Pietrowski v. The Kintock Group* (awarding $100,000 in pain and suffering where plaintiff claimed wrongful termination in violation of New Jersey's Conscientious Employee Protection Act)).

20. Because Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 and this case is removable to this Court pursuant to 28 U.S.C. §§ 1441 and 1446(b).

---

[2] This value is calculated base one Plaintiff's hours per month (132.1) multiplied by his hourly rate ($17.50) multiplied by the passage of 14.25 months since his August 9, 2022 termination.

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET.

21. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, motions and orders thus far served upon and/or received by Costco in Case No. 23-10676 are attached hereto as Exhibit A.

22. Notice of the filing of this Notice of Removal will be given to Plaintiff and will be filed with the Court of Common Pleas of Butler County, Pennsylvania, pursuant to 28 U.S.C. § 1446(d). A copy of the Notice filed with the Court of Common Pleas of Butler County, Pennsylvania is attached hereto as **Exhibit D.**

23. Costco files this Notice of Removal solely for the purpose of removing the instant action and does not waive, and specifically reserves, any and all defenses, affirmative or otherwise.

WHEREFORE, for the reasons stated above, this action is removable to this Court pursuant to 28 U.S.C. §§ 1332 and 1441(b).

DATED: October 16, 2023                    Respectfully submitted,

*/s/ Eric J. Janson*
Eric J. Janson
ejanson@seyfarth.com
SEYFARTH SHAW LLP
975 F Street, N.W.
Washington, DC  20004
(202) 463-2400

***Attorneys for Defendant***
*Costco Wholesale Corporation*

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was filed this 16th day of October, 2023 and provided to the following via CM/ECF and U.S. mail, postage prepaid:

Kyle H. Steenland  (Bar #327786)
The Workers' Rights Law Group, LLP
Foster Plaza 10
680 Andersen Drive, Suite 230
Pittsburgh, PA  15220

/s/ Eric J. Janson
Eric Janson

*Attorneys for Defendant*
*Costco Wholesale Corporation*

7